# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| ROBERT L. PARENT,        ) | |
|                          ) | |
|     Plaintiff,        ) | |
|                          ) | |
|     v.               ) | Case No.: 4:12-cv-1678 |
|                          ) | |
| PROCOLLECT, INC.,        ) | COMPLAINT AND DEMAND FOR JURY |
|                          ) | TRIAL |
|     Defendant.       ) | |
|                          ) | (Unlawful Debt Collection Practices) |

## **COMPLAINT**

ROBERT L. PARENT ("Plaintiff"), by his attorneys, Kimmel & Silverman, P.C., alleges the following against PROCOLLECT, INC. ("Defendant"):

## INTRODUCTION

1.     Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), the Texas Debt Collection Act, Tex. Fin. Code § 392 *et seq.* and Texas common law.

## JURISDICTION AND VENUE

2.     Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy;" 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States; and 28 U.S.C. § 1367 grants this Court supplemental jurisdiction over any state law claims.

3.     Defendant conducts business and maintains its headquarters in the State of Texas, therefore personal jurisdiction is established.

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(b)(2).

## PARTIES

5.      Plaintiff is a natural person who resides in Houston, Texas.

6.      Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and Tex. Fin. Code Ann. § 392.001(1), or in the alternative is a non-debtor granted a cause of action under the FDCPA.   See Bodur v. Palisades Collection, LLC, 11 CIV. 3475 AJP, 2011 WL 6306725 (S.D.N.Y. 2011).

7.      Defendant is a debt collection company with corporate headquarters located at 12179 North Abrams Road, Suite 100, Dallas, Texas 75243.

8.      Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Tex. Fin. Code Ann. § 392.001(6) and (7).

9.      Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10.      At all relevant times, Defendant was attempting to collect an alleged consumer debt for Plaintiff, which Plaintiff believes belongs to Plaintiff's daughter.

11.      Upon information and belief, the alleged debt that Defendant was seeking to collect arose from transactions, which were primarily for personal, family, or household purposes.

12.      Neither Plaintiff nor his daughter owe any business debt, therefore the debt could only be personal in nature.

13.      From January of 2012 through March of 2012, Defendant's collectors placed repeated and continuous calls to Plaintiff's work and home telephones in order to contact

Plaintiff.

14.    Defendant's calls originated from numbers, including, but not limited to (214) 341-7788 and (800) 839-8186.   The undersigned has confirmed that this telephone number belongs to Defendant.

15.    Defendant's collectors often called Plaintiff multiple times in a single day.

16.    Defendant collectors called Plaintiff's place of employment and spoke with co-workers.

17.    Defendant's collectors revealed that the call was from a debt collector to Plaintiff's co-workers.

18.    Defendant's collectors demanded co-workers furnish Plaintiff's home address and telephone number, despite being told by Plaintiff's co-workers each time that the demand would not be honored.

19.    Furthermore, Defendant had Plaintiff's home telephone number at this time, therefore there is no good-faith reason to justify Defendant's repeated request for this information from Plaintiff's co-workers.

20.    Defendant's collectors continued to call Plaintiff's place of employment after having been told that no contact information would be provided.

21.    Additionally, Defendant collectors were told that calls must stop and that Plaintiff is not allowed to receive personal phone calls at work.

22.    Despite this clear instruction, Defendant's collectors continued to call Plaintiff's place of employment.

23.    The only purposes for disregarding the instruction to stop calling, were to harass abuse and embarrass Plaintiff.

24.    Defendant's actions caused the owner of Plaintiff's company to be unhappy with

- 3 -

Plaintiff, and caused Plaintiff great embarrassments.

25.    Defendant's placed calls invaded Plaintiff's privacy by intruding upon his employment and relationship with his co-workers.

26.    Given its refusal to heed event he simplest of instructions, it is averred that Defendant took the actions described above with the intent to deceive, harass and intimidate Plaintiff into paying a debt that Plaintiff does not owe and/or one which is the debt of another.

## COUNT I
### DEFENDANT VIOLATED THE § 1692b(2) OF
### FAIR DEBT COLLECTION PRACTICES ACT

27.    Section 1692b(2) of the FDCPA states that a debt collector shall not state that a consumer owes a debt to a third party.

28.    Defendant violated § 1692b(2) of the FDCPA when it discussed Plaintiff's alleged debt with his co-workers.

## COUNT II
### DEFENDANT VIOLATED § 1692c(a)(3) OF THE
### FAIR DEBT COLLECTION PRACTICES ACT

29.    Section 1692c(a)(1) of the FDCPA prohibits debt collectors from calling consumers at any unusual time or place known or which should be known to be inconvenient to the consumer.

30.    Defendant violated § 1692c(a)(1) of the FDCPA when it called Plaintiff's place of employment demanding Plaintiff's contact information, after being told repeatedly that such information would not be furnished, and after Plaintiff and his co-workers demanded such calls cease.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**COUNT III**
**DEFENDANT VIOLATED § 1692c(a)(3) OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

31.     Section 1692c(a)(3) of the FDCPA prohibits debt collectors from calling consumers place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication.

32.     Defendant violated § 1692c(a)(3) of the FDCPA when it continued to call Plaintiff's work and speak with Plaintiff's co-workers after being told Plaintiff was not allowed to receive such calls at his place of employment.

**COUNT IV**
**DEFENDANT VIOLATED § 1692c(b) OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

33.     Section 1692c(b) of the FDCPA prohibits debt collectors from engaging in communication with third parties.

34.     Defendant violated §1692c(b) when it continuously and repeatedly contact Plaintiff's co-workers and revealed itself as a debt collector.

**COUNT V**
**DEFENDANT VIOLATED § 1692d OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

35.     Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt.

36.     Defendant violated § 1692d of the FDCPA when it called Plaintiff repeatedly and continuously, when it contacted Plaintiff at Plaintiff's work, when it attempted to collect a

debt without revealing the debt Plaintiff owes, when it continued to call Plaintiff's work telephone after being told by co-workers to stop calling, and when it engaged in other harassing conduct.

## COUNT VI
### DEFENDANT VIOLATED § 1692d(5)OF THE
### FAIR DEBT COLLECTION PRACTICES ACT

37.    Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

38.    Defendant violated § 1692d(5) of the FDCPA when it caused Plaintiff's telephone to ring repeatedly and continuously with the intent to harass or annoy Plaintiff.

## COUNT VII
### DEFENDANT VIOLATED § 1692e OF THE
### FAIR DEBT COLLECTION PRACTICES ACT

39.    Section 1692e of the FDCPA prohibits debt collectors from using false, deceptive or misleading representation or means in connection with the collection of any debt.

40.    Defendant violated § 1692e of the FDCPA, when it did not disclose to Plaintiff the character, amount and legal status of the alleged debt, and when it made other false, deceptive or misleading representations.

## COUNT VIII
### DEFENDANT VIOLATED § 1692e(2)(A) OF THE
### FAIR DEBT COLLECTION PRACTICES ACT

41.    Section 1692e(2)(A) of the FDCPA prohibits debt collectors from making false representations about the character, amount or legal status of a debt.

- 6 -

42.     Defendant violated § 1692e(2)(A) of the FDCPA when it failed to disclose the character, amount and legal status of the alleged debt.

**COUNT IX**
**DEFENDANT VIOLATED § 1692e(10) OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

43.     Section 1692e(10) of the FDCPA prohibits debt collectors from using false representations or deceptive means to collect a debt or to obtain information from a consumer.

44.     Defendant violated § 1692e(10) of the FDCPA when it refused to disclose the character, amount and legal status of the alleged debt, and when it used Plaintiff's co-workers as a means to embarrass and harass the Plaintiff to paying a debt of which Plaintiff still does not know the origin.

**COUNT X**
**DEFENDANT VIOLATED § 1692f OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

45.     Section 1692(f) of the FDCPA prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect an alleged debt.

46.     Defendant violated § 1692f of the FDCPA when it called Plaintiff repeatedly and continuously, when it called Plaintiff's work continuously and repeatedly, when it spoke with Plaintiff's co-workers, when it continued to call Plaintiff's work after being told Plaintiff cannot receive personal calls at work, and when it did not disclose the character, amount or legal status of the debt to Plaintiff.

1

2
**COUNT XI**

3
**DEFENDANT VIOLATED § 1692f(1) OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

4
47.     Section 1692f(1) of the FDCPA prohibits debt collectors from collecting any

5
amount unless such amount is expressly authorized by agreement or by law.

6
48.     Defendant violated § 1692f(1) of the FDCPA, when it attempted to collect a debt

7
that Plaintiff did not owe.

8

9

10
**COUNT XII**
**DEFENDANT VIOLATED § 392.302(4) OF THE**

11
**TEXAS FAIR DEBT COLLECTION PRACTICES ACT**

12
49.     Section 392.302(4) of the Texas FDCPA prohibits debt collectors from causing a

13
telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls,

14
with the intent to harass a person at the called number.

15
50.     Defendant violated § 392.302(4) of the Texas FDCPA by causing Plaintiff's

16
telephone to ring repeatedly or continuously with the intent of annoying and harassing the person

17
at the called number, and when it caused Plaintiff's work telephone to ring continuously and

18
repeatedly with the intent of annoying and harassing the person at the number called.

19

20

21
**COUNT XIII**
**DEFENDANT VIOLATED § 392.303(a)(2) OF THE**

22
**TEXAS FAIR DEBT COLLECTION PRACTICES ACT**

23
51.     Section 392.303(a)(2) of the Texas FDCPA prohibits debt collectors from using

24
unfair or unconscionable means to collect a debt.

25
52.     Defendant violated § 392.303(a)(2) when it called Plaintiff repeatedly and

continuously, when it called Plaintiff's work continuously and repeatedly, when it spoke with

Plaintiff's co-workers, when it continued to call Plaintiff's work after being told Plaintiff cannot receive personal calls at work, and when it did not disclose the character, amount or legal status of the debt to Plaintiff.

## COUNT XIV
## DEFENDANT VIOLATED § 392.304(a)(8) OF THE
## TEXAS FAIR DEBT COLLECTION PRACTICES ACT

53.    Section 392.304(a)(8) of the Texas FDCPA prohibits debt collectors from making fraudulent, deceptive or misleading representations when collecting a debt.

54.    Defendant violated § 392.304(a)(8) when it refused to disclose the character, amount and legal status of the alleged debt, and when it used Plaintiff's co-workers as a means to embarrass and harass the Plaintiff to paying a debt of which Plaintiff still does not know the origin.

## COUNT XV
## DEFENDANT INVADED PLAINTIFF'S PRIVACY BY
## INRUDING UPON HIS SECLUSION

55.    Texas recognizes the tort of intrusion upon seclusion.  See Robinson v. Brannon, 313 S.W.3d 860, 867 (Tex. App. 2010).

56.    An unwarranted intrusion upon seclusion is proved by showing that (1) an intentional intrusion, physical or otherwise, upon another's solitude, seclusion, or private affairs or concerns, (2) the intrusion would be highly offensive to a reasonable person, and (3) the person suffered an injury as a result of the intrusion.  See id.

57.    Defendant's repeated debt collection calls to Plaintiff's work telephone after being informed by Plaintiff's co-workers on numerous occasions that Plaintiff was not allowed

- 9 -

to receive calls of this nature at Plaintiff's place of employment, was an intentional intrusion upon Plaintiff's solitude.

58.     The constant demands for payment for an alleged debt at Plaintiff's job, when Plaintiff wished to perform his job were highly offensive and embarrassing to Plaintiff.

59.     Plaintiff felt frustrated, angry and anxious every time he went to work, and his job performance suffered as a result.

60.     This act was committed with malice, intent, wantonness and recklessness, affording Plaintiff the remedy of actual and punitive damages.


**COUNT XVI**
**DEFENDANT WAS NEGLIGENT IN ITS HIRING, TRAINING AND**
**SUPERVISION OF DEBT COLLECTORS**

61.     Under Texas law, direct claims such as negligent hiring, supervision, training, and retention are based on the employer's own negligent conduct in creating an unreasonable risk of harm to others, and thus, causes of action for negligent hiring, supervision, training, and retention are a means to make an employer liable for the negligence of an employee. Williams v. McCollister, 671 F. Supp. 2d 884 (S.D. Tex. 2009).

62.     As Defendant solicited business from Plaintiff, Defendant owed Plaintiff a duty to conduct its business in a reasonable manner.

63.     Plaintiff's co-workers repeatedly told Defendant's collectors on numerous occasions that Plaintiff was not allowed to receive phone calls of this nature at work.

64.     Despite this, Defendant's collectors continued to call Plaintiff's work telephone number, placing Plaintiff's job in jeopardy.

65.     Accordingly, Defendant failed to properly hire, train and supervise its debt collectors, and breached its duty to Plaintiff.

66.     As a proximate result of Defendant's negligent hiring, training and supervision, Plaintiff suffered damages.


**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, ROBERT L. PARENT, respectfully prays for a judgment as follows:

    a.  All actual damages suffered due to Defendant's negligence and invasion of privacy, as well as pursuant to 15 U.S.C. § 1692k(a)(1);

    b.  Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A) and statutory damages of $100.00 for the violation of the Tex. Fin. Code Ann. § 392 et. seq. pursuant to Tex. Fin. Code Ann. § 392.403(e);

    c.  All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3) and Tex. Fin. Code Ann. § 392.403(b);

    d.   Punitive damages for Defendant's intrusion upon seclusion and negligence; and

    e.  Any other relief deemed appropriate by this Honorable Court.


**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, ROBERT L. PARENT, demands a jury trial in this case.

DATED:  June 4, 2012                RESPECTFULLY SUBMITTED

By: /s/ Amy L. Bennecoff
Amy L. Bennecoff
Attorney for Plaintiff
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (877) 788-2864
Email: abennecoff@creditlaw.com

- 12 -